


HB

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DANIEL ALVAREZ**<br><br>*Plaintiff,*<br>v.<br><br>**CORELOGIC NATIONAL BACKGROUND DATA, LLC, f/k/a NATIONAL BACKGROUND DATA, LLC**<br><br>*Defendant.* | **Civil Action No. 18 1234**<br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiff, Daniel Alvarez ("Mr. Alvarez" or "Plaintiff") by and through undersigned counsel Bochetto & Lentz, P.C. (B&L), files the following Complaint against Corelogic, Inc. and Corelogic National Background Data, LLC, f/k/a National Background Data, LLC (collectively "Defendants") and states in support thereof the following:

## INTRODUCTION

1. Daniel Alvarez brings this action for damages against Defendant for violations of the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* and related state common law claims.

2. CoreLogic National Background Data, LLC ("CNBD") operates as a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis.

3. Defendant, through its corporate affiliates, maintains an extensive database of public records regarding consumers. They then sell consumer reports generated from the

database and furnish these consumer reports to other reseller consumer reporting agencies and/or potential employers of consumers.

4. Plaintiff alleges a claim under 15 U.S.C. § 1681e(b), which required that Defendant use "reasonable procedures to assure maximum possible accuracy" in the publication of Plaintiff's consumer report.

5. Mr. Alvarez had received a tentative job offer conditioned upon his employment background check. The background check that Defendant sold to Mr. Alvarez's tentative employer was grossly inaccurate – most significantly because it falsely identified Mr. Alvarez as a "Registered Sex Offender."

6. As a result, Mr. Alvarez was not approved for hire.

7. Plaintiff also alleges a claim under 15 U.S.C. § 1681k because Defendant did not provide Plaintiff timely and lawful notice that it was furnishing an employment purposed consumer report at the time it did so. This important requirement is intended to provide consumers immediate notice of the furnishing of the employment report and details necessary to preemptively contact the reporting agency to obtain, and as appropriate, correct information in the furnished report.

8. It was also intended to alert the consumer to the employer's use of the report to provide them the opportunity to address any concerns or derogatory history in the report directly with the employer. Defendants' failure to comply with these long-standing requirements denied the Plaintiff these important rights.

## JURISDICTION AND VENUE

9. This Honorable Court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

10. This Court has supplemental jurisdiction over Plaintiff's state and common law claims under 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a).

11. Venue is proper in this District under Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119 (W.D. Pa. 1997) and 28 U.S.C. § 1391(b) and (c), because as a company, Defendant regularly does business in the district.

12. Plaintiff, Daniel Alvarez, is a citizen of Philadelphia, Pennsylvania and maintains all of the documents relevant to this dispute at his home in Philadelphia, Pennsylvania.

**PARTIES**

13. Plaintiff Daniel Alvarez is a natural person and a citizen of the United States and the state of Pennsylvania, who resides at 13675 Philmont Avenue, Unit 18, Philadelphia, Pennsylvania 19116.

14. Plaintiff is a "consumer" as protected and governed by the Fair Credit Reporting Act ("FCRA").

15. Defendant, Corelogic National Background Data, LLC ("CNBD"), is upon information and belief a Delaware Limited Liability Corporation with a principal place of business in California at 4 1st American Way, Santa Ana, CA 92707.

16. According to Defendant, "National Background Data by CoreLogic is the leading wholesale criminal data provider to the background screening industry. National Background Data is a part of CoreLogic. CoreLogic brings you powerful new capabilities to assess risk from every angle – and realize dynamic insights you need to optimize business performance."

17. According to Defendant, "[h]undreds of screening companies count on [CNBD] for unmatched quality data and superior service to drive risk down and income up. With the largest privately held criminal database, we provide efficient and economical access to

multijurisdictional data. . . . whether the goal is to provide an employment screening package or to screen volunteers, we partner with our clients to provide a high quality, low cost solution tailored to meet the needs of the end client."

18. CNBD sells criminal and employment-purposed background checks solely on a wholesale basis. Consumers do not typically even know that an employment report originated from Defendant. They "work in the background to deliver the industry-leading background information search solutions [the employer clients of reseller background check companies] want[.]" According to Defendant, its "business is built on two principles. First, to provide comprehensive background data and searches. Second, to join forces with background screening companies to enable them to provide optimum value to their clients while growing their own businesses." CNBD sells 'exclusively through a network of screening companies never direct to the client."

19. According to Defendant, "National Background Data by CoreLogic is a consumer reporting agency that assembles and evaluates consumer information and provides consumer reports to third parties for the purpose of residential screening, employment screening and/or other purposes as permitted under federal, state and local laws."

20. CNBD is "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). It is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

21. Defendant disburses consumer reports to third parties under contract for monetary compensation.

22. CNBD operates as a nationwide consumer reporting agency as governed by the FCRA.

## FACTUAL BACKGROUND

### A. Daniel Alvarez

23. Daniel Alvarez ("Mr. Alvarez" or "Plaintiff") is a respected and well-revered 40-year-old attorney who resides with his wife, and two young children.

24. Mr. Alvarez earned his Bachelor's Degree from Virginia Military Institute and his law degree from Washington College of Law at American University.

25. Over the course of his professional life, Mr. Alvarez has worked with and taught children, including working to ensure the safety of children against sexual abuse.

26. For example, while in law school, Mr. Alvarez taught Constitutional Law to high school students at Anacostia High School in Washington D.C.

27. Mr. Alvarez was also a Sunday School teacher at the Church of the Holy Trinity in Rittenhouse Square in Philadelphia and he was a Vestry member at another church in Abington. His children also attend his parish's school.

28. After he passed the Pennsylvania Bar, Mr. Alvarez became an assistant district attorney with the Philadelphia District Attorney's Office. While at the District Attorney's office, Mr. Alvarez served in the Juvenile Unit where he worked with children who were victims of sexual assault.

29. After leaving the District Attorney's Office, Mr. Alvarez served as a judicial law clerk to a Juvenile Court Judge, where he worked to ensure the rehabilitation and safety of children.

30. Following his clerkship, Mr. Alvarez opened his own law firm, Alvarez Law, LLC, where he served as a criminal defense attorney. During his time in private practice, Mr.

Alvarez recused himself from court appointed representations where the charges against his client involved the sexual assault of a child.

31. Mr. Alvarez also currently serves the Philadelphia Court of Common Pleas Family Court system as a child custody master, a position which requires him to have direct contact with young children for purposes of custody evaluations.

32. In 2013, Mr. Alvarez won the Republican nomination for Philadelphia District Attorney, and ran against the incumbent D.A. in the general election.

33. As the Republican nominee for District Attorney, Mr. Alvarez campaigned, in part, against human trafficking and sexual exploitation.

**B. Mr. Alvarez is denied employment due to Defendant's falsely labeling him as a registered sex offender**

34. While working for the district attorney's office, in or about 2008, Mr. Alvarez applied to be an adjunct professor at Manor College in Jenkintown, Pennsylvania.

35. After his application was reviewed and following an interview, Mr. Alvarez was told that he was approved and would be getting the position pending a standard background screening process.

36. For weeks, Mr. Alvarez received no notice that Manor College had performed the background or that he had been cleared to begin employment.

37. After waiting a few weeks and having not received notice that his background check cleared, Mr. Alvarez contacted the head of the legal department at Manor College, Diane Pevar, Esquire, with whom he had been in contact throughout the application process.

38. Ms. Pevar, however, would not take his calls and never explained why.

39. For reasons unknown to Mr. Alvarez at that time, he did not get the adjunct professor position at Manor College.

### C. Mr. Alvarez learns that CNBD falsely labeled him as a sex offender

40. In January 2018, Mr. Alvarez received a notice (the "Notice") in the mail that he was a member of a class action pending in the Eastern District of Virginia against a criminal background check company named CoreLogic. (*See* the Notice attached hereto as **Exhibit 'A"**.)

41. The Notice advised Mr. Alvarez that a potential employer obtained a criminal background check about him from a background screening company on January 4, 2008.

42. The Notice further noted that "[i]n connection with your employment application, a company called CoreLogic National Background Data, LLC . . . reported a sex offender record to another background check company, although that sex offender record did not belong to you."

43. Mr. Alvarez was shocked and appalled to learn that he had apparently been falsely identified as a sex offender and timely submitted the appropriate forms notifying Class Counsel of his intent to opt out of the Class.

44. At this time, it became evident to Mr. Alvarez that Manor College had been provided with this false report from a standard background check during his application process.

45. Mr. Alvarez was humiliated that his name was associated with such gross falsehoods.

46. Mr. Alvarez has never been a sex offender, registered or otherwise.

47. The report purchased from Defendant was furnished for employment purposes.

48. Mr. Alvarez never received a letter or any other communication from CNBD or any other CoreLogic entity "at the time" the report was furnished.

49. Mr. Alvarez also never received a letter or any other communication from any other entity or third party "at the time" a report was furnished.

50. Mr. Alvarez was notified of the report only when he received the Notice that he was a member of a class action lawsuit against CNBD.

51. Mr. Alvarez has timely elected to "opt out" of the Class and pursue his personal claims.

52. CNBD failed to obtain the complete public record prior to furnishing it to third parties. Had Defendant actually contacted the government source or obtained the complete records from the original source, it would have seen that this information did not belong to Mr. Alvarez.

53. Mr. Alvarez alleges that Defendant did not attempt for any consumer to follow the option available at 15 U.S.C. § 1681k(a)(2). The alternative would only be applicable if CNBD had in place before any report was furnished strict procedures designed to ensure that it actually contacted the original source of public records information (*e.g.*, the Court clerk) before furnishing a report which includes such information to insure that the information it included in its reports was the complete and up to date public record.

54. A § 1681k(a)(2) option is not available to CNBD because the public records it publishes to third parties are summaries, indexes or partial records that it obtains secondhand from SafeRent. CNBD never furnishes the complete and up-to-date public record. 15 U.S.C. § 1681k(a)(2) is thus inapplicable to the consumer reports at issue in this case.

55. Defendant knew or should have known about their legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

56. Defendant obtained or had substantial written materials that apprised it of its duties under the FCRA.

57. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

58. Plaintiff alleges that Defendant's conduct as alleged herein was consistent with its established and systematically executed procedures and policies for compliance with the FCRA.

**COUNT I**
**(Violation of the FCRA § 1681k(a)(1))**

59. Plaintiff incorporates each of the preceding Paragraphs of this Complaint as if set forth at length herein.

60. As 15 U.S.C. § 1681k(a)(2) is inapplicable to the types of records NBD furnishes and the manner in which it obtains and furnishes them, Defendant's failure to timely provide the required FCRA notices to Plaintiff violated 15 U.S.C. § 1681k(a)(1).

61. Defendant's conduct, actions, and inactions, were willful, rendering Defendant liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

62. Plaintiff is entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

63. As a result of these FCRA violations, Defendant is liable to Plaintiff for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, according to the above claim, Plaintiff, Daniel Alvarez prays for relief as follows:

a. That judgment be entered for Plaintiff against Defendant for statutory damages and punitive damages for violation of 15 U.S.C. § 1681k(a) pursuant to 15 U.S.C. § 1681n.

b. That the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n; and,

c. That the Court grant such other and further relief as may be just and proper.

**COUNT II**
**(Fair Credit Reporting Act 15 U.S.C. § 1681e(b))**

64. Plaintiff incorporates each of the preceding Paragraphs of this Complaint as if set forth at length herein.

65. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report they furnished regarding Plaintiff.

66. As a result of this conduct by Defendant, Plaintiff suffered actual damages, including without limitation, by example only and as described herein on his behalf by counsel: loss of employment opportunity, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

67. Defendant's violations of 15 U.S.C. § 1681e(b) were willful, rendering Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

68. Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE**, according to the above claims, Plaintiff, Daniel Alvarez prays for relief as follows:

a. That judgment be entered for Plaintiff against Defendant for actual and/or statutory damages and punitive damages for violation of 15 U.S.C. § 1681e(b), pursuant to 15 U.S.C. §§ 1681n and 1681o;

b. That the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and,

c. That the Court grant such other and further relief as may be just and proper.

**COUNT III**
**(Fair Credit Reporting Act 15 U.S.C. § 1681i)**

69. Plaintiff incorporates each of the preceding Paragraphs of this Complaint as if set forth at length herein.

70. Defendant violated 15 U.S.C. § 1681i by failing to comply with its duties to reinvestigate disputed information as to Plaintiff.

71. As a result of this conduct by Defendant, Plaintiff suffered actual damages, including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

72. Defendant's violations of 15 U.S.C. § 1681i were willful, rendering Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

73. Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE**, according to the above claims, Plaintiff, Daniel Alvarez prays for relief as follows:

d. That judgment be entered for Plaintiff against Defendant for actual and/or statutory damages and punitive damages for violation of 15 U.S.C. § 1681i, pursuant to 15 U.S.C. §§ 1681n and 1681o;

e. That the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and,

f. That the Court grant such other and further relief as may be just and proper.

## COUNT IV
## (Defamation)

74. Plaintiff incorporates each of the preceding Paragraphs of this Complaint as if set forth at length herein.

75. Defendant published false statements about Plaintiff to third parties by selling them incorrect criminal background information.

76. The statements constitute defamation because it impugns Plaintiff's reputation as a law abiding citizen and falsely labels Plaintiff as a sex offender.

77. Upon information and belief, the statement was written and published negligently and/or with malice in that the publication was made with knowledge of its falsity, or with reckless disregard as to the truth or falsity of the statement.

78. Upon information and belief, the Statement was read by numerous people since Plaintiff received a tentative job offer from Manor College which was revoked after the report was furnished to them.

79. As a direct and proximate result of the statement, Plaintiff has suffered significant harm including but not limited to, reputational harm, loss of employment opportunities, lost wages and income, harm to his political aspirations, and emotional distress.

**WHEREFORE**, Plaintiff, Daniel Alvarez prays for relief in his favor and against Defendant in an amount in excess of $75,000, plus punitive damages, costs, attorney's fees and any such other relief this Court deems equitable and just.

**COUNT V**
**(Intentional Infliction of Emotional Distress)**

80. Plaintiff incorporates each of the preceding Paragraphs of this Complaint as if set forth at length herein.

81. Defendant knew the importance of providing accurate background reports and knew or should have known of the federal regulations requiring reasonable procedures to assure maximum possible accuracy in their reports but acted intentionally in causing Plaintiff to be falsely labeled as a registered sex offender.

82. Defendant recklessly and/or wantonly failed to take precautionary measures to prevent the situation referenced herein.

83. Defendant's intentional or reckless acts caused Plaintiff to be falsely labeled as a registered sex offender.

84. As a direct and proximate result of this outrageous conduct, Plaintiff experienced severe emotional distress as well as physical manifestations of stress.

85. Such emotional distress includes:

a. loss of sleep;
b. aggravation;
c. familial strain;
d. anxiety, depression; and
e. lack of concentration.

86. Defendant's actions were outrageous in character, go beyond all bounds of decency, and are to be regarded as atrocious and utterly intolerable in a civilized community.

**WHEREFORE**, Plaintiff, Daniel Alvarez prays for relief in his favor and against Defendant in an amount in excess of $75,000, plus punitive damages, costs, attorney's fees and any such other relief this Court deems equitable and just.

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

Date: March 22, 2018

BY: ______________________

David P. Heim, Esquire
Attorney I.D. No. 84323
**BOCHETTO & LENTZ, P.C.**
1524 Locust Street
Philadelphia, PA 19102 (215)
735-3900
dheim@bochettoandlent.com

*Attorney for Plaintiff*

# EXHIBIT "A"

Claimant ID: 1001212
Control No: 2074226505

CLG0200272991



DANIEL ALVAREZ
13675 PHILMONT AVE
PHILADELPHIA, PA 19116-4400

# IMPORTANT CLASS ACTION SETTLEMENT NOTICE

282

*Please read this notice carefully.*

# A FEDERAL COURT ORDERED THIS NOTICE

*Hines, et al. v. CoreLogic National Background Data, LLC*
United States District Court, Eastern District of Virginia, Civil Action No. 3:12-cv-97

## THIS NOTICE IS IMPORTANT TO YOU BECAUSE AN EMPLOYMENT BACKGROUND CHECK COMPANY MAY HAVE INCORRECTLY REPORTED THAT YOU WERE A SEX OFFENDER.

## YOU COULD GET MONEY FROM A CLASS ACTION SETTLEMENT.

### A class action lawsuit has settled and we are sending you this to explain how this settlement will affect you.

The Court has ordered this notice be sent to you because records show that when you applied for a job an employer obtained a criminal background check about you from a background screening company. In connection with your employment application, a company called CoreLogic National Background Data, LLC ("Defendant," "CoreLogic National Background Data") reported a sex offender record to another background check company, although that sex offender record did not belong to you. You may not have known about the report because it is possible that the record was not ultimately provided to the employer or because the employer may not have acted on that record.

- Defendant sent one or more sex offender records to other background check companies,

| RESELLER NAME | DATE | RESELLER NAME | DATE |
|---|---|---|---|
| AVERT INC/ADP SCREENING | 01/04/2008 | AVERT INC/ADP SCREENING | 01/04/2008 |

and those reports included a sex offender record that did not belong to you.

- If you participate in this settlement, you will automatically be paid at least $150.00.
- You also may have a claim for the payment of actual damages - for example, if an employer acted based on an incorrect sex offender record - but you must act and do so quickly before the statute of limitations expires.
- You should go to www.hinessettlement.com, or call (866) 680-8427 using the following Unique Code Z9085625 and learn what criminal records could be reported to a background screening company in connection with your future employment background checks.
- You can use a dedicated process to dispute and remove inaccurate criminal-record information from your report, so that an inaccurate record will not be furnished about you in the future.
- You have other important rights in connection with this settlement, as detailed below.

IF YOU WOULD LIKE FURTHER INFORMATION OR HAVE QUESTIONS OR CONCERNS, PLEASE CONTACT YOUR ATTORNEYS ("CLASS COUNSEL") FOR ADVICE AND INFORMATION AT

(757) 930-3660 OR hines@clalegal.com

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | Within about thirty (30) days of the settlement being approved by the court, Defendant will issue a check in the amount of $100. If you cash the check within sixty-five (65) days, you will then be sent a second check in an amount not less than $50. **NOTE: If you receive the first check and do not cash it within the sixty-five (65) days, it will become stale.** If that occurs, you will not be able to cash it; you will not receive a second check; and you will not receive a cash payment. |
| **REVIEW RECORDS THAT COULD BE REPORTED IN YOUR FUTURE BACKGROUND CHECK** | You should go to www.hinessettlement.com, or call (866) 680-8427 using the following Unique Code **Z9085625** to learn what criminal records could be reported to a background screening company in connection with a future application for employment. |
| **DISPUTE INACCURATE RECORDS** | Defendant will implement an expedited dispute process so you may call to request an expedited correction of inaccurate information. Information about the dispute process can be found at www.hinessettlement.com or you can call (866) 680-8427. |
| **EXCLUDE YOURSELF FROM CASE** | If you want to exclude yourself from this case, you must submit an opt-out form. You will not receive any money. Your request to exclude yourself from the settlement must be postmarked by **February 20, 2018**. Opt-out forms must be submitted individually. Enclosed is an opt-out form for your signature. **If you wish to receive money, then do not mail in the card.** |
| **BRING YOUR OWN ACTION FOR ACTUAL DAMAGES** | This settlement does not compensate you for any actual damages you may have incurred such as loss of employment, embarrassment, or distress. You would have to bring your own claim or new lawsuit to recover such damages, and Defendant could assert any of its defenses in that action. You do not need to exclude yourself to pursue these damages. You may contact the attorney representing the Class for advice at (757) 930-3660, or by e-mailing hines@clalegal.com. |
| **OBJECT** | If you want to object to this settlement, you may write to the Court about why you do not like it. Your objection must be postmarked by February 20, 2018. |

- These rights and options - **and the deadlines to exercise them** - are explained in this notice.
- The Court in charge of this case still must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after all appeals are resolved. Please be patient.

## 1. WHY DID I RECEIVE THIS NOTICE?

You and other members of this class action applied for a job sometime between February 2007 and January 2012. The employer obtained a criminal background check from another company, which obtained some of its records from Defendant. However, the information that Defendant sold to the background check company included sex offender records that did not belong to you or other Class members. Plaintiff contends that the sex offender records did not belong to you because the records contain a different age or date of birth than your information. You may not have known about the report because it is possible that the record was not ultimately provided to the employer or because the employer may not have acted on that record.

The Court ordered this notice because Class members have a right to know about the settlement and their options to remain in the Class or opt-out.

## 2. WHAT IS THIS LAWSUIT ABOUT?

James Hines (the "Plaintiff") filed a lawsuit in federal court against Defendant on behalf of everyone like him who had the same incomplete background check information. The lawsuit is called *Hines, et al. v. CoreLogic National Background Data, LLC*, Civil Action No. 3:12-cv-97, which is pending in the United States District Court for the Eastern District of Virginia, Richmond Division. The Plaintiff alleged that Defendant is a "consumer reporting agency" and violated a law titled the Fair Credit Reporting Act, 15 U.S.C. § 1681k(a) (the "FCRA"), in connection with how it was alleged to have prepared employment background reports.

Defendant denies that it is governed by the FCRA, that it violated the FCRA, that it did anything unlawful, or that this Class could be certified. However, after many years in litigation, the lawsuit settled.

## 3. AM I A MEMBER OF THE "CLASS"?

In connection with the approval of this settlement, the Court decided this lawsuit should be a class action on behalf of a "Class," or group of people, that could include you. The Class is described as follows:

All persons who were the subject of criminal records search results provided by CoreLogic National Background Data, LLC between February 9, 2007 and January 12, 2012 in connection with an employment purpose, and whose search results included a Sex Offender Registry record that did not match the date of birth or age of that person. The class only includes persons where the sex offender search results were from states using a private company, Watch Systems, to maintain the Sex Offender Registry. The full class definition can be found at www.hinessettlement.com, or by calling (866) 680-8427.

## 4. WHAT AM I GETTING FROM THIS SETTLEMENT?

If the settlement is approved by the Court, you will receive:

**Cash Payments. You and Every Class Member Will Receive at Least $150.00.** If the settlement is approved and if there is no appeal, the first payment of $100.00 will be automatically mailed in May 2018. In August 2018, a second check of at least $50.00 will be mailed to all class members who cash the first check. **NOTE: If you receive the first check and do not cash it within the sixty-five (65) days, it will become stale.** You will not be able to cash it, and you will not receive a second check.

**The Right to Sue for Actual Damages.** This settlement does not compensate you for any actual damages you may have incurred, such as loss of employment, embarrassment or distress. Nothing in this settlement requires Defendant to honor the claim and it may assert any available defenses. You do not need to exclude yourself from the settlement to pursue this option. You may contact Class Counsel for advice or assistance at (757) 930-3660, or by e-mailing hines@clalegal.com.

If you intend to pursue a claim for actual damages, the time for you to pursue such a claim may run out soon because of the statute of limitations. This lawsuit may have tolled the statute of limitations for your individual claim but, if applicable, this time period will restart after the Effective Date, which in most cases will be fourteen (14) days after final approval of the settlement. If you intend to file your own claim, you should act immediately.

**The Right to Find out what Criminal Records could be Reported in Connection with your Employment Application.** One or more Sex Offender records were included in information Defendant provided about you to AVERT INC/ADP SCREENING on 01/04/2008 and AVERT INC/ADP SCREENING on 01/04/2008. You may enter your unique code **Z9085625** at www.hinessettlement.com, or by calling (866) 680-8427 for assistance in doing so, in order to obtain a copy of the sex offender or criminal records in Defendant's database that may be provided to a background screening company in the future in connection with a future employment background check.

**New Data Matching Criteria.** As part of the settlement, CoreLogic National Background Data will implement new data matching criteria that will apply to all records in the employment background check information it sells and will apply these new rules to prevent incomplete and inaccurate records from appearing in any employment background search this company provides in the future.

**A Dedicated Dispute Process.** Defendant will implement an expedited dispute process to ensure that criminal records are not linked to your identifying information. Through the dispute process you will be able to contact Defendant to dispute any inaccurate or incomplete information that you obtain as part of this settlement. This expedited dispute process will be available for 100 days after the Effective Date, and can be initiated in writing, by e-mail, or by phone (available 9:00 a.m. to 5:00 p.m. PST). Class Counsel can also initiate a dispute on your behalf. The dispute process will have an average completion time of five (5) business days. Additional information about the dispute process can be found at www.hinessettlement.com or you can call (866) 680-8427.

## 5. WHAT IF I LOST EMPLOYMENT OR SUFFERED OTHER ACTUAL DAMAGES?

This settlement does not compensate you for any actual damages you may have incurred such as loss of employment, embarrassment or distress. You would have to bring your own claim or new lawsuit to recover such damages and this settlement does not limit your right to do so. Nothing in this settlement requires Defendant to honor the claim and Defendant may assert any available defenses.

You may contact the attorneys representing the Class for advice by e-mailing hines@clalegal.com, or by calling Class Counsel at (757) 930-3660.

If you intend to pursue a claim for actual damages, the time for you to pursue such a claim may run out soon because of the statute of limitations. This lawsuit may have tolled the statute of limitations for your individual claim but, if applicable, this time period will restart after the Effective Date, which in most cases will be fourteen (14) days after final approval of the settlement. If you intend to file your own claim, you should act immediately to secure legal representation.

## 6. WHAT DO I GIVE UP BY STAYING IN THE SETTLEMENT?

Unless you exclude yourself from this Class, you will be considered a Class Member, which means you give up your right to sue or continue a lawsuit against Defendant under the FCRA or any state law equivalents where you would be seeking punitive or statutory damages. The full release and list of released parties may be found at www.hinessettlement.com, or by calling (866) 680-8427 for assistance. Class Members are also barred from filing or participating in a putative class action lawsuit based upon the allegations and claims asserted in the lawsuit.

However, even as a Class Member, you can still pursue any individual claim you have for **actual** damages against Defendant that are recoverable under the FCRA and FCRA state equivalents, other than statutory and punitive damages. Nothing in this settlement requires Defendant to honor the claim and Defendant may assert any available defenses.

## 7. HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?

To completely exclude yourself from the settlement, please sign the enclosed "Opt-Out Form," check the "opt-out" box, and postmark it before the deadline of **February 20, 2018**. To be valid, the form must be personally signed by you. If you opt-out of the settlement, you may be able to bring your own individual claim for any damages. Nothing in this settlement requires the Defendant to honor the claim and it may assert any available defenses. However, you may still be precluded from participating in any later class action against Defendant for the same violations alleged here.

## 8. DO I HAVE A LAWYER IN THE CASE?

The Court has appointed as "Class Counsel" Consumer Litigation Associates, P.C., 763 J. Clyde Morris Boulevard, Suite 1A, Newport News, Virginia 23601; and Francis & Mailman, P.C., 100 S. Broad Street, 19th Floor, Philadelphia, Pennsylvania 19110. They represent you and other Class Members. You will not be

separately charged by these lawyers for their work on this case. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 9. HOW WILL THE LAWYERS BE PAID?

Class Counsel will ask the Court for an award of attorneys' fees, not to exceed $3,231,428.57, including reimbursement of costs and expenses incurred by them and by the Plaintiff in litigating this matter. The attorneys' fees are paid separately by Defendant and are not paid out of the settlement funds available to the Class Members. Class Members do not have to pay any attorneys' fees in connection with the settlement.

## 10. IS THE CLASS REPRESENTATIVE ENTITLED TO ANY ADDITIONAL PAYMENT?

In addition to the monetary relief described above, Class Counsel will ask the Court to approve an individual payment to Mr. Hines, the Class Representative, of an amount not to exceed $10,000.00 as an individual service award for his efforts and time expended in prosecuting the lawsuit. However, the Court may ultimately award less than this amount. Any payment will be made by Defendant and will not be paid by you.

## 11. HOW DO I TELL THE COURT I DO NOT LIKE THE SETTLEMENT?

If you are a Class Member, you can object to the settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter stating that you object to *Hines, et al. v. CoreLogic National Background Data, LLC*, Civil Action No. 3:12-cv-97. Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement.

Mail the objection to the Court postmarked no later than **February 20, 2018**, and send a copy to Class Counsel and Defendant's Counsel at the following addresses:

| **COURT** | **CLASS COUNSEL** | **DEFENDANT'S COUNSEL** |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>701 East Broad Street<br>Richmond, VA 23219 | Leonard A. Bennett<br>**CONSUMER LITIGATION ASSOCIATES, P.C.**<br>763 J. Clyde Morris Blvd., Suite 1A<br>Newport News, VA 23601 | David N. Anthony<br>**TROUTMAN SANDERS LLP**<br>1001 Haxall Point, Suite 1500<br>Richmond, VA 23219 |

## 12. WHEN AND WHERE WILL THE COURT DECIDE TO APPROVE THE SETTLEMENT?

The Court will hold a hearing to decide whether to approve the settlement as fair, reasonable, and adequate. The hearing is on March 20, 2018, at 10:00 a.m. in the courtroom of Judge Robert E. Payne of the United States District Court for the Eastern District of Virginia, 701 East Broad Street, Richmond, VA 23219.

**You may attend and you may ask to speak, but you do not have to.**

## 13. HOW DO I GET MORE INFORMATION?

You can visit the website at www.hinessettlement.com. You may call the Settlement Administrator at (866) 680-8427. Or you can write to Hines v. CoreLogic Settlement, c/o Settlement Administrator, PO Box 10486, Dublin, OH 43017-4086.

You can also contact the attorneys representing the Class. You may send an e-mail to hines@clalegal.com. You can call Leonard A. Bennett or Matthew Erausquin of Consumer Litigation Associates, P.C. at (757) 930-3660. Or write to Leonard A. Bennett, Consumer Litigation Associates, P.C., 763 J. Clyde Morris Blvd., Suite 1A, Newport News, VA 23601.

**PLEASE DO NOT CONTACT THE COURT OR CLERK'S OFFICE WITH QUESTIONS.**

separately charged by these lawyers for their work on this case. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 9. HOW WILL THE LAWYERS BE PAID?

Class Counsel will ask the Court for an award of attorneys' fees, not to exceed $3,231,428.57, including reimbursement of costs and expenses incurred by them and by the Plaintiff in litigating this matter. The attorneys' fees are paid separately by Defendant and are not paid out of the settlement funds available to the Class Members. Class Members do not have to pay any attorneys' fees in connection with the settlement.

## 10. IS THE CLASS REPRESENTATIVE ENTITLED TO ANY ADDITIONAL PAYMENT?

In addition to the monetary relief described above, Class Counsel will ask the Court to approve an individual payment to Mr. Hines, the Class Representative, of an amount not to exceed $10,000.00 as an individual service award for his efforts and time expended in prosecuting the lawsuit. However, the Court may ultimately award less than this amount. Any payment will be made by Defendant and will not be paid by you.

## 11. HOW DO I TELL THE COURT I DO NOT LIKE THE SETTLEMENT?

If you are a Class Member, you can object to the settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter stating that you object to *Hines, et al. v. CoreLogic National Background Data, LLC*, Civil Action No. 3:12-cv-97. Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement.

Mail the objection to the Court postmarked no later than **February 20, 2018**, and send a copy to Class Counsel and Defendant's Counsel at the following addresses:

| **COURT** | **CLASS COUNSEL** | **DEFENDANT'S COUNSEL** |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>701 East Broad Street<br>Richmond, VA 23219 | Leonard A. Bennett<br>**CONSUMER LITIGATION ASSOCIATES, P.C.**<br>763 J. Clyde Morris Blvd., Suite 1A<br>Newport News, VA 23601 | David N. Anthony<br>**TROUTMAN SANDERS LLP**<br>1001 Haxall Point, Suite 1500<br>Richmond, VA 23219 |

## 12. WHEN AND WHERE WILL THE COURT DECIDE TO APPROVE THE SETTLEMENT?

The Court will hold a hearing to decide whether to approve the settlement as fair, reasonable, and adequate. The hearing is on March 20, 2018, at 10:00 a.m. in the courtroom of Judge Robert E. Payne of the United States District Court for the Eastern District of Virginia, 701 East Broad Street, Richmond, VA 23219.

**You may attend and you may ask to speak, but you do not have to.**

## 13. HOW DO I GET MORE INFORMATION?

You can visit the website at www.hinessettlement.com. You may call the Settlement Administrator at (866) 680-8427. Or you can write to Hines v. CoreLogic Settlement, c/o Settlement Administrator, PO Box 10486, Dublin, OH 43017-4086.

You can also contact the attorneys representing the Class. You may send an e-mail to hines@clalegal.com. You can call Leonard A. Bennett or Matthew Erausquin of Consumer Litigation Associates, P.C. at (757) 930-3660. Or write to Leonard A. Bennett, Consumer Litigation Associates, P.C., 763 J. Clyde Morris Blvd., Suite 1A, Newport News, VA 23601.

**PLEASE DO NOT CONTACT THE COURT OR CLERK'S OFFICE WITH QUESTIONS.**